IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **JIMMY BAILEY, individually and as guardian and next friend of DB, a minor child,** : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action No. |
| v. : | 7:12-cv-3 (HL) |
| : | |
| **REMINGTON ARMS COMPANY, LLC,** : | |
| **and KEYSTONE SPORTING ARMS, LLC** : | |
| : | |
| **Defendants.** : | |

## ORDER

The complaint in this product liability action was filed in this Court on January 4, 2012. Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the complaint to determine whether the jurisdictional requirements in this case have been satisfied. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). After review, the Court has determined that proper subject matter jurisdiction has not been established.

Federal courts are courts of limited jurisdiction. Morrison, 228 F.3d at 1260-61. Article III of the United States Constitution sets the outer boundaries of judicial jurisdiction, and Congress is vested with the discretion to determine the scope of subject matter jurisdiction within that broad constitutional grant. Id. at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion,

provided it be not extended beyond the boundaries fixed by the Constitution." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).

Federal subject matter jurisdiction can be based upon either a question of federal law or diversity of citizenship. In this case, the Plaintiff has asserted that original federal jurisdiction is proper based on diversity of citizenship. Diversity jurisdiction is established through the fulfillment of two statutory requirements: 1) complete diversity between the parties, and 2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1).

To discern whether the amount in controversy requirement is met, the court is allowed to consider any "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the requirements for federal subject matter jurisdiction are met. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Here, the Plaintiff has alleged that the actions of Defendants led a Remington .22 Caliber Rimfire Hollow Point Bullet to explode and cause injury to Plaintiff's minor child, DB, including, but not limited to, "serious injury to her right eye." (Doc. 1, p. 3.)  This factual allegation, along with Plaintiff's statement that the damages sustained are greater than $75,000, satisfies the Court that the requirement of amount in controversy has been met. However, the citizenship of the parties is still in question.

A party must distinctly and affirmatively plead citizenship. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980). For purposes of pleading diversity, a limited liability corporation (LLC) is deemed to be a citizen of each state where the LLC has members. Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Regarding natural persons, citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir. 1971). Domicile is not always the same as residence, as a person may reside in one place, but be domiciled somewhere else. Thomas v. Thomasville Toyota, 623 F.Supp.2d 1378, 1381 (M.D.Ga. 2008) (citation omitted).

In this case, Plaintiff states in his complaint that he is a resident of Tennessee. (Doc. 1, p. 1.) He further states that Remington Arms Company, LLC, is organized under the laws of Delaware with its principal place of business in North Carolina, and Keystone Sporting Arms, LLC, is organized and has its principal place of business in Pennsylvania. Id. Under federal law, these allegations are insufficient to meet the pleading requirements for proper diversity jurisdiction because only the residency of the parties has been asserted, not citizenship.

Having concluded that the requirements for diversity jurisdiction have not been met, the Court orders the Plaintiff to file an amended complaint that properly pleads the citizenship of the parties no later than Monday, January 23, 2012. If the Plaintiff fails to properly amend the complaint, this Court will have no choice but to dismiss the case for want of proper jurisdiction.

**SO ORDERED**, this the 9th day of January, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr